UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE ROSENBLATT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SYED DOHA, an individual, HEINER FRIEDRICH, an individual, MELOTHE, INC., a Florida corporation, OFLO VIDEO, INC., a Florida corporation, PIXELLUTION, INC., a Florida corporation, OFLO, INC., a Delaware corporation, MIENT, INC., a New York corporation, LISA SHERIDAN-DOHA, an individual, CARITAS DOHA, an individual, and DOES 1-10, <br><br> Defendants. | CASE NO. 12-CV-1991(AT) <br> ECF Case <br><br><br> **REPLY DECLARATION OF SYED DOHA** |

I, Syed Doha, of full age, pursuant to 28 U.S.C. §1746, hereby certify as follows:

1. I am a defendant in this action. This Reply Declaration is submitted in further support of defendants' partial summary judgment motion. To the extent that an alleged fact contained in the Declaration of Plaintiff Jesse Rosenblatt is not addressed herein, such omission should not be construed as an admission as to its accuracy or truthfulness. (DE 88)

2. Plaintiff's reference that he "identified and created several potential business opportunities" and "lined up potential partnership deals with media companies like Broadway Video (with respect to Saturday Night Live) and the National Football League, and arranged in-person meetings for Doha and Friedrich with movie studios, television networks, and movie and television production companies in Los Angeles" vastly overstates any alleged contribution to the Mient project by plaintiff. The one meeting that he apparently had arranged with a studio executive did not take place because the individual did not show up. Plaintiff had nothing to do

with arranging the meetings that I did attend with media company executives and others in connection with the Mient project. For instance, I met on multiple occasions in January and March 2011 in Los Angeles with a Fox Studios executive, Peter Levinson, about the project, and I sent information about the Mient player to Fox Studios for lab testing. The information that I provided was favorably received by Fox Studios. Plaintiff had nothing to do with arranging the Fox Studio meetings. It is incorrect that I "refused to provide…basic information" about the player technology to any interested media companies.

3. Nor did plaintiff have anything to do with arranging other meetings that I attended in Los Angeles in furtherance of the Mient project, including ones with Sid Ganis, a LucasFilm executive and a former president of the Academy of Motion Picture Arts and Sciences, and Jeff Berg, an executive at the ICM talent search firm. Plaintiff was unable to arrange meetings with executives with substantial decision-making authority about potential content deals for the Mient project.

4. On my visits to Los Angeles in January and March 2011 in furtherance of the project, I discussed his unacceptable work performance with him. I have addressed his serious work deficiencies elsewhere, such as my declaration and at deposition. (DE 79, at ¶9; DE 80, at 6-11, Doha dep. tr., 111:18-115:9, 118:3-120:8, 123:15-131:20)

5. It is not correct that I was unavailable because of an elective liposuction as stated in his declaration, nor that I was virtually unreachable (¶37-38).

6. I did not refer to Jewish people as "kikes." I note that, in his declaration, plaintiff did not provide any specific information, such as a date, a time, a place, others who were present, etc., as to even one alleged instance in which I purportedly used the word. Nor, do I understand, from all of the tens of thousands of pages of documents that plaintiff has provided in this lawsuit

has plaintiff recorded or substantiated my alleged use of the word. In fact, before this lawsuit, I was not familiar with the word. I was born and raised in Bangladesh. The word is not part of the lexicon of English speakers in Bangladesh, and I do not recall ever hearing it uttered by anyone either in Bangladesh or after I came to the United States in 1993.

7. I did not scream at plaintiff in July 2011 as stated in his declaration (¶55).

4418733v1

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                                 Syed Doha

Dated: October 15, 2013

4