# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

CHRISTINE MCDERMOTT LAURIA, MARK  :
RYAN, WILLIAM E. ROBINSON,  KENNETH :  No.:   **CV 07    2709**
WOODHALL, STEPHANIE A. RESCH, PETER :
IMPAGLIAZZO, PAUL C. IMPAGLIAZZO,  :
NEIL J. SURGENOR, STEVE VOULGARIS,  :
ROSS GARDENLAUB, RICHARD HOLMES.   :
WALTER KURICK, ROBERT FINN, BRYAN  :
RAY and JEFF MCKAY    :

        Plaintiffs     **SPATT, J.**     FILED

                            U.S. DISTRICT COURT E.D.N.Y.

    vs.                     :

MITCHELL L. HEFFERNAN and       :    JUL 05 2007    ★
JAMES E. PEDRICK    **ORENSTEIN, M.J.**   BROOKLYN OFFICE

        Defendants             :

### NOTICE OF REMOVAL OF CIVIL ACTION

    Defendants Mitchell L. Heffernan and James E. Pedrick, by and through their undersigned attorneys, hereby files this Notice of Removal of a Civil Action from the Supreme Court of the State of New York, Nassau County, Index No. 07-10205, to the United States District Court for the Eastern District of New York, on the grounds that:

    1.    Defendant Mitchell L. Heffernan is a defendant in a civil action originally filed on June 11, 2007 in the Supreme Court of the State of New York, Nassau County, Index No. 07-10205, entitled <u>Christine McDermott Lauria, Mark Ryan, William E. Robinson, Kenneth Woodhall, Stephanie A. Resch, Peter Impagliazzo, Paul C. Impagliazzo, Neil J. Surgenor, Steve Voulgaris, Ross Gardenlaub, Richard Holmes, Walter Kurick, Robert Finn, Bryan Ray and Jeff McKay vs. Mitchell L. Heffernan and James E. Pedrick</u> (the "New York Civil Action").

2.      Defendant James E. Pedrick is a defendant in a civil action originally filed on June 11, 2007 in the Supreme Court of the State of New York, Nassau County, Index No. 07-10205, entitled <u>Christine McDermott Lauria, Mark Ryan, William E. Robinson, Kenneth Woodhall, Stephanie A. Resch, Peter Impagliazzo, Paul C. Impagliazzo, Neil J. Surgenor, Steve Voulgaris, Ross Gardenlaub, Richard Holmes, Walter Kurick, Robert Finn, Bryan Ray and Jeff McKay vs. Mitchell L. Heffernan and James E. Pedrick</u> (the "New York Civil Action").

3.      Defendant Mitchell L. Heffernan was served with the summons and complaint in the New York Civil Action on June 17, 2007.  Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

4.      Defendant James E. Pedrick was served with the summons and complaint in the New York Civil Action on June 17, 2007.  Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

5.      A true and correct copy of the Complaint and summons served upon defendants Mitchell L. Heffernan and James E. Pedrick are attached hereto, made a part hereof and marked <u>Exhibit "A"</u>.  No further proceedings in the New York Civil Action have occurred subsequent to the service of the summons and Complaint upon the Defendants.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that:

        a.      Each of the plaintiffs, other than plaintiff Jeff McKay, is a citizen of the State of New York;

        b.      Plaintiff Jeff McKay is a citizen of the Commonwealth of Massachusetts;

        c.      Defendant Mitchell L. Heffernan is an individual and a resident of the State of Connecticut;

    d.      Defendant James E. Pedrick is an individual and a resident of the State of Connecticut;

    e.      The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs, in that each plaintiff demands damages from the Defendants in an amount in excess of One Million ($1,000,000.00) Dollars.

WHEREFORE defendants Mitchell L. Heffernan and James E. Pedrick file this Notice to Remove the Civil Action, now pending in the Supreme Court of the State of New York, Nassau County, Index No. 07-10205 from that court to the United States District Court for the Eastern District of New York:

Respectfully submitted,

KNUCKLES & KOMOSINSKI, P.C.

Dated: July 2, 2007            BY:

KENNETH J. FLICKINGER, ESQURIE
220 White Plains Road, 6th Floor
Tarrytown, NY 10591
Telephone (914) 220-0155
Facsimile (914) 366-0080
Email: kjf@klawpc.com
Attorneys for Mitchell L. Heffernan and
James E. Pedrick

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------X
CHRISTINE McDERMOTT LAURIA, MARK            INDEX NO.: 0 7 - 1 0 2 0 5
RYAN, WILLIAM E. ROBINSON, KENNETH
WOODHALL, STEPHANIE A. RESCH, PETER         SUMMONS
IMPAGLIAZZO, PAUL C. IMPAGLIAZZO,                          JUN 1 1 2007
NEIL J. SURGENOR, STEVE VOULGARIS,
ROSS GARDENLAUB, RICHARD HOLMES,
WALTER KURICK, ROBERT FINN, BRYAN RAY,      The Plaintiff's designate
and JEFF McKAY,                             Nassau County as the place
                                            for trial
                            Plaintiffs,
                                            Basis of Venue:
        -against-                           Plaintiff's residence

MITCHELL L. HEFFERNAN and
JAMES E. PEDRICK,

                            Defendants.
-------------------------------------------------------X

To the above named Defendants:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorney(s) within **20 days** after the service
of this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

Dated: Westbury, New York
        June 8, 2007

                            NEIL H. GREENBERG & ASSOCIATES, P.C.
                            *Attorneys for Plaintiffs*
                            900 Merchants Concourse, Suite 214
                            Westbury, New York  11590
                            (516) 228-5100

                                            A True Copy Attest
                                            MVEm
                                            Michele VanEisengeein,
                                            Process Server

MITCHELL L. HEFFERNAN          JAMES E. PEDRICK
95 COVE ROAD                   7 JOSHUA LANE
NEW LONDON, CT 06371           OLD LYME, CT 06371

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
CHRISTINE McDERMOTT LAURIA, MARK           INDEX NO.:  0 7 - 1 0 2 0 5
RYAN, WILLIAM E. ROBINSON, KENNETH
WOODHALL, STEPHANIE A. RESCH, PETER        COMPLAINT
IMPAGLIAZZO, PAUL C. IMPAGLIAZZO,
NEIL J. SURGENOR, STEVE VOULGARIS,
ROSS GARDENLAUB, RICHARD HOLMES,
WALTER KURICK, ROBERT FINN, BRYAN RAY,
and JEFF McKAY,

                              Plaintiffs,

        -against-

MITCHELL L. HEFFERNAN and
JAMES E. PEDRICK,

                              Defendants.
------------------------------------------------------------X

        The Plaintiffs, by and through their attorneys, the Law Offices of Neil H.

Greenberg & Associates, P.C., as and for their Complaint against the defendants,

respectfully allege as follows:

## INTRODUCTION

        1. This is an action brought by the plaintiffs against the defendants pursuant to the

Business Corporation Law § 630 and the New York State Labor Law §§ 191 and 198 to

recover unpaid wages from the ten largest shareholders of Mortgage Lenders Network

USA, Inc.

## THE PARTIES

        2. At all times hereinafter mentioned, the plaintiff, Christine McDermot Lauria,

was and still is an individual residing in Babylon, New York.

07/02/2007  14:39    2159779663              POZZUOLO&PERKISS            PAGE  04/42

3. At all times hereinafter mentioned, the plaintiff, Mark Ryan, was and still is an individual residing in Lancaster, New York.

4. At all times hereinafter mentioned, the plaintiff, William Robinson, was and still is an individual residing in New York, New York.

5. At all times hereinafter mentioned, the plaintiff, Kenneth Woodhall, was and still is an individual residing in Kings Park, New York.

6. At all times hereinafter mentioned, the plaintiff, Stephanie A. Resch, was and still is an individual residing in Massapequa, New York.

7. At all times hereinafter mentioned, the plaintiff, Peter Impagliazzo, was and still is an individual residing in West Islip, New York.

8. At all times hereinafter mentioned, the plaintiff, Neil J. Surgenor, was and still is an individual residing in Glen Cove, New York.

9. At all times hereinafter mentioned, the plaintiff, Steve Voulgaris, was and still is an individual residing in Farmingdale, New York.

10. At all times hereinafter mentioned, the plaintiff, Ross Gardenlaub, was and still is an individual residing in Babylon, New York.

11. At all times hereinafter mentioned, the plaintiff, Richard Holmes, was and still is an individual residing in New York, New York.

12. At all times hereinafter mentioned, the plaintiff, Walter Kurick, was and still is an individual residing in the State of New York.

13. At all times hereinafter mentioned, the plaintiff, Robert Finn, was and still is an individual residing in the State of New York.

14. At all times hereinafter mentioned, the plaintiff, Bryan Ray, was and still is an individual residing in New York, New York.

15. At all times hereinafter mentioned, the plaintiff, Jeff McKay, was and still is an individual residing in Beverly, Massachusetts.

16. Upon information and belief, the defendant, Mitchell Hefferman, was and still is an individual residing in the town and/or village of Lyme, State of Connecticut.

17. Upon information and belief, the defendant, Mitchell Hefferman, was and still is one of the ten (10) largest shareholders of Mortgage Lenders Network USA, Inc.

18. Upon information and belief, the defendant, James E. Pedrick, was and still is an individual residing in the town and/village of Old Lyme, State of Connecticut.

19. Upon information and belief, the defendant, James E. Pedrick, was and still is one of the ten (10) largest shareholders of Mortgage Lenders Network USA, Inc.

### PREREQUISITES TO THIS ACTION

20. Section 630 of the New York State Business Corporation Law provides that the ten (10) largest shareholders of every corporation shall jointly and severally be personally liable for all wages or salaries due and owing to any of its laborers, servants or employees for services performed by them for such corporation.

21. This matter is ripe under Section 630 of the New York State Business Corporation Law because Mortgage Lenders Network USA, Inc. filed bankruptcy on or about February, 2007.

22. On or about May 18, 2007, the defendant, Mitchell Hefferman, was given notice in writing that the plaintiffs intend to hold him liable under Section 630 of the New York State Business Corporation Law.

23. On or about May 18, 2007, the defendant, James E. Pedrick, was given notice in writing that the plaintiffs intend to hold him liable under Section 630 of the New York State Business Corporation Law.

### AS TO ALL CAUSES OF ACTION

24. Mortgage Lenders Network USA, Inc. is a foreign corporation duly authorized to conduct business within the State of New York.

25. Mortgage Lenders Network USA, Inc. was a full service mortgage banking company that provides mortgage products directly to consumers in the State of New York as well as through New York State licensed mortgage brokers.

26. Mortgage Lenders Network USA, Inc. was a New York State subprime mortgage lender.

27. The plaintiffs were all employed by Mortgage Lenders Network USA, Inc. as commissioned salesmen until on or about February, 2007.

28. The plaintiffs' job responsibilities as commissioned salesman included soliciting New York State licensed mortgage brokers to use the mortgage products proffered by Mortgage Lenders Network USA, Inc.

29. The plaintiffs were all assigned territories by Mortgage Lenders Network USA, Inc. throughout the State of New York and worked within those territories on a daily basis.

30. Each plaintiff herein was entitled to and received commissions every time a mortgage broker solicited by him or her closed a loan through Mortgage Lenders Network USA, Inc.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF CHRISTINE MCDERMOTT LAURIA

40. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39 of the complaint as if fully set forth herein.

41. That Christine McDermott Lauria was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

42. That Christine McDermott Lauria was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by her closed a loan through Mortgage Lenders Network, USA, Inc.

43. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Christine McDermott Lauria earned commissions on loans that it closed through mortgage brokers solicited by her.

44. That Christine McDermott Lauria demands an accounting for all commissions earned by her and not paid by Mortgage Lenders Network, USA, Inc.

45. That Christine McDermott Lauria has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

46. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Christine McDermott Lauria is entitled to recover from the defendants all unpaid commissions and all monies due and owing to her in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF CHRISTINE MCDERMOTT LAURIA

47. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Pursuant to § 198 of the New York State Labor Law, Christine McDermott Lauria is entitled to recover reasonable attorney's fees.

49 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

50. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Christine McDermott Lauria.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF MARK RYAN

51. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. That Mark Ryan was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

53. That Mark Ryan was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

54. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Mark Ryan earned commissions on loans that it closed through mortgage brokers solicited by him.

55. That Mark Ryan demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

56. That Mark Ryan has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

57. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Mark Ryan for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF MARK RYAN

58. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 57 of the complaint as if fully set forth herein.

59. That Mark Ryan was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

60. That Mark Ryan was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

61. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Mark Ryan earned commissions on loans that it closed through mortgage brokers solicited by him.

62. That Mark Ryan demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

63. That Mark Ryan has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

64. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Mark Ryan is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF MARK RYAN

65. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. Pursuant to § 198 of the New York State Labor Law, Mark Ryan is entitled to recover reasonable attorney's fees.

67 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

68. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Mark Ryan.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF WILLIAM E. ROBINSON

69. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. That William E. Robinson was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

71. That William E. Robinson was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

72. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying William E. Robinson earned commissions on loans that it closed through mortgage brokers solicited by him.

73. That William E. Robinson demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

74. That William E. Robinson has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

75. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to William E. Robinson for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF WILLIAM E. ROBINSON

76. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 75 of the complaint as if fully set forth herein.

77. That William E. Robinson was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

78. That William E. Robinson was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

79. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying William E. Robinson earned commissions on loans that it closed through mortgage brokers solicited by him.

80. That William E. Robinson demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

81. That William E. Robinson has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

82. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, William E. Robinson is entitled to recover from the

07/02/2007  14:39    2159779663              POZZUOLD&PERKISS            PAGE  12/42

defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF WILLIAM E. ROBINSON

83. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

84. Pursuant to § 198 of the New York State Labor Law, William E. Robinson is entitled to recover reasonable attorney's fees.

85 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

86. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to William E. Robinson.

## AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF KENNETH WOODHALL

87. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 86 as if fully set forth herein.

88. That Kenneth Woodhall was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

89. That Kenneth Woodhall was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

90. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Kenneth Woodhall earned commissions on loans that it closed through mortgage brokers solicited by him.

91. That Kenneth Woodhall demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

92. That Kenneth Woodhall has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

93. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Kenneth Woodhall for services performed by him for Mortgage Lenders Network, USA, Inc.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION ON BEHALF OF KENNETH WOODHALL

94. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 93 of the complaint as if fully set forth herein.

95. That Kenneth Woodhall was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

96. That Kenneth Woodhall was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

97. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Kenneth Woodhall earned commissions on loans that it closed through mortgage brokers solicited by him.

98. That Kenneth Woodhall demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

99. That Kenneth Woodhall has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

100. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Kenneth Woodhall is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A TWELFTH CAUSE OF ACTION ON BEHALF OF KENNETH WOODHALL

101. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 100 as if fully set forth herein.

102. Pursuant to § 198 of the New York State Labor Law, Kenneth Woodhall is entitled to recover reasonable attorney's fees.

103 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

104. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Kenneth Woodhall.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION ON BEHALF OF STEPHANIE A. RESCH

105. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 104 as if fully set forth herein.

106. That Stephanie A. Resch was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

107. That Stephanie A. Resch was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by her closed a loan through Mortgage Lenders Network, USA, Inc.

108. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Stephanie A. Resch earned commissions on loans that it closed through mortgage brokers solicited by her.

109. That Stephanie A. Resch demands an accounting for all commissions earned by her and not paid by Mortgage Lenders Network, USA, Inc.

110. That Stephanie A. Resch has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

111. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Stephanie A. Resch for services performed by her for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION ON BEHALF OF STEPHANIE A. RESCH

112. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 111 of the complaint as if fully set forth herein.

113. That Stephanie A. Resch was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

114. That Stephanie A. Resch was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by her closed a loan through Mortgage Lenders Network, USA, Inc.

115. Prior to February, 2007 and continuing thereafter, Mortgage Lenders
Network, USA, Inc. stopped paying Stephanie A. Resch earned commissions on loans
that it closed through mortgage brokers solicited by her.

116. That Stephanie A. Resch demands an accounting for all commissions earned
by her and not paid by Mortgage Lenders Network, USA, Inc.

117. That Stephanie A. Resch has been damaged in a sum of not less than one
million ($1,000,000.00) dollars.

118. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New
York State Labor Law § 191, Stephanie A. Resch is entitled to recover from the
defendants all unpaid commissions and all monies due and owing to her in an amount of
not less than one million ($1,000,000.00) dollars.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION ON BEHALF OF STEPHANIE A. RESCH

119. The plaintiffs repeat and reallege the allegations contained in paragraphs 1
through 118 as if fully set forth herein.

120. Pursuant to § 198 of the New York State Labor Law, Stephanie A. Resch is
entitled to recover reasonable attorney's fees.

121 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned
wages was and is willful.

122. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc.,
the defendants are required to pay liquidated damages in an amount equal to twenty five
percent of the total amount of wages due to Stephanie A. Resch.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION ON BEHALF OF PETER IMPAGLIAZZO

123. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 122 as if fully set forth herein.

124. That Peter Impagliazzo was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

125. That Peter Impagliazzo was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

126. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Peter Impagliazzo earned commissions on loans that it closed through mortgage brokers solicited by him.

127. That Peter Impagliazzo demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

128. That Peter Impagliazzo has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

129. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Peter Impagliazzo for services performed by him for Mortgage Lenders Network, USA, Inc.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION ON BEHALF OF PETER IMPAGLIAZZO

130. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 129 of the complaint as if fully set forth herein.

131. That Peter Impagliazzo was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

132. That Peter Impagliazzo was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

133. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Peter Impagliazzo earned commissions on loans that it closed through mortgage brokers solicited by him.

134. That Peter Impagliazzo demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

135. That Peter Impagliazzo has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

136. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Peter Impagliazzo is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION ON BEHALF OF PETER IMPAGLIAZZO

137. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 136 as if fully set forth herein.

138. Pursuant to § 198 of the New York State Labor Law, Peter Impagliazzo is entitled to recover reasonable attorney's fees.

139. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

140. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc.,

the defendants are required to pay liquidated damages in an amount equal to twenty five

percent of the total amount of wages due to Peter Impagliazzo.

### AS AND FOR A NINETEENTH CAUSE OF ACTION ON BEHALF OF PAUL C. IMPAGLIAZZO

141. The plaintiffs repeat and reallege the allegations contained in paragraphs 1

through 140 as if fully set forth herein.

142. That Paul C. Impagliazzo was an employee of Mortgage Lenders Network,

USA, Inc. until on or about February, 2007.

143. That Paul C. Impagliazzo was an employee who was entitled to and was paid

commissions every time a mortgage broker solicited by him closed a loan through

Mortgage Lenders Network, USA, Inc.

144. Prior to February, 2007 and continuing thereafter, Mortgage Lenders

Network, USA, Inc. stopped paying Paul C. Impagliazzo earned commissions on loans

that it closed through mortgage brokers solicited by him.

145. That Paul C. Impagliazzo demands an accounting for all commissions earned

by him and not paid by Mortgage Lenders Network, USA, Inc.

146. That Paul C. Impagliazzo has been damaged in a sum of not less than one

million ($1,000,000.00) dollars.

147. Pursuant to § 630 of the Business Corporation Law, the defendants are

jointly and severally personally liable for all monies due and owing to Paul C.

Impagliazzo for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A TWENTIETH CAUSE OF ACTION ON BEHALF OF PAUL C. IMPAGLIAZZO

148. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 147 of the complaint as if fully set forth herein.

149. That Paul C. Impagliazzo was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

150. That Paul C. Impagliazzo was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

151. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Paul C. Impagliazzo earned commissions on loans that it closed through mortgage brokers solicited by him.

152. That Paul C. Impagliazzo demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

153. That Paul C. Impagliazzo has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

154. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Paul C. Impagliazzo is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION ON BEHALF OF PAUL C. IMPAGLIAZZO

155. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 154 as if fully set forth herein.

156. Pursuant to § 198 of the New York State Labor Law, Paul C. Impagliazzo is entitled to recover reasonable attorney's fees.

157 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

158. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Paul C. Impagliazzo.

### AS AND FOR A TWENTY SECOND CAUSE OF ACTION ON BEHALF OF NEIL J. SURGENOR

159. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 158 as if fully set forth herein.

160. That Neil J. Surgenor was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

161. That Neil J. Surgenor was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

162. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Neil J. Surgenor earned commissions on loans that it closed through mortgage brokers solicited by him.

163. That Neil J. Surgenor demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

164. That Neil J. Surgenor has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

165. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Neil J. Surgenor for services performed by him for Mortgage Lenders Network, USA, Inc.

## AS AND FOR A TWENTY THIRD CAUSE OF ACTION ON BEHALF OF NEIL J. SURGENOR

166. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 165 of the complaint as if fully set forth herein.

167. That Neil J. Surgenor was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

168. That Neil J. Surgenor was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

169. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Neil J. Surgenor earned commissions on loans that it closed through mortgage brokers solicited by him.

170. That Neil J. Surgenor demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

171. That Neil J. Surgenor has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

172. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Neil J. Surgenor is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A TWENTY FOURTH CAUSE OF ACTION ON BEHALF OF NEIL J. SURGENOR

173. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 172 as if fully set forth herein.

174. Pursuant to § 198 of the New York State Labor Law, Neil J. Surgenor is entitled to recover reasonable attorney's fees.

175. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

176. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Neil J. Surgenor.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION ON BEHALF OF PAUL C. IMPAGLIAZZO

155. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 154 as if fully set forth herein.

156. Pursuant to § 198 of the New York State Labor Law, Paul C. Impagliazzo is entitled to recover reasonable attorney's fees.

157 That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

158. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Paul C. Impagliazzo.

## AS AND FOR A TWENTY SECOND CAUSE OF ACTION ON BEHALF OF NEIL J. SURGENOR

159. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 158 as if fully set forth herein.

160. That Neil J. Surgenor was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

161. That Neil J. Surgenor was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

162. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Neil J. Surgenor earned commissions on loans that it closed through mortgage brokers solicited by him.

163. That Neil J. Surgenor demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

164. That Neil J. Surgenor has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

165. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Neil J. Surgenor for services performed by him for Mortgage Lenders Network, USA, Inc.

## AS AND FOR A TWENTY THIRD CAUSE OF ACTION ON BEHALF OF NEIL J. SURGENOR

166. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 165 of the complaint as if fully set forth herein.

167. That Neil J. Surgenor was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

168. That Neil J. Surgenor was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

169. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Neil J. Surgenor earned commissions on loans that it closed through mortgage brokers solicited by him.

170. That Neil J. Surgenor demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

171. That Neil J. Surgenor has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

172. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Neil J. Surgenor is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A TWENTY FOURTH CAUSE OF ACTION ON BEHALF OF NEIL J. SURGENOR

173. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 172 as if fully set forth herein.

174. Pursuant to § 198 of the New York State Labor Law, Neil J. Surgenor is entitled to recover reasonable attorney's fees.

175. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

176. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Neil J. Surgenor.

### AS AND FOR A TWENTY FIFTH CAUSE OF ACTION ON BEHALF OF STEVE VOULGARIS

177. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 176 as if fully set forth herein.

178. That Steve Voulgaris was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

179. That Steve Voulgaris was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

180. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Steve Voulgaris earned commissions on loans that it closed through mortgage brokers solicited by him.

181. That Steve Voulgaris demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

182. That Steve Voulgaris has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

183. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Steve Voulgaris for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A TWENTY SIXTH CAUSE OF ACTION ON BEHALF OF STEVE VOULGARIS

184. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 183 of the complaint as if fully set forth herein.

185. That Steve Voulgaris was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

186. That Steve Voulgaris was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

187. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Steve Voulgaris earned commissions on loans that it closed through mortgage brokers solicited by him.

188. That Steve Voulgaris demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

189. That Steve Voulgaris has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

190. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Steve Voulgaris is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A TWENTY SEVENTH CAUSE OF ACTION ON BEHALF OF STEVE VOULGARIS

191. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 190 as if fully set forth herein.

192. Pursuant to § 198 of the New York State Labor Law, Steve Voulgaris is entitled to recover reasonable attorney's fees.

193. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

194. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc.,
the defendants are required to pay liquidated damages in an amount equal to twenty five
percent of the total amount of wages due to Steve Voulgaris.

## AS AND FOR A TWENTY EIGHTH CAUSE OF ACTION ON BEHALF OF ROSS GARDENLAUB

195. The plaintiffs repeat and reallege the allegations contained in paragraphs 1
through 194 as if fully set forth herein.

196. That Ross Gardenlaub was an employee of Mortgage Lenders Network,
USA, Inc. until on or about February, 2007.

197. That Ross Gardenlaub was an employee who was entitled to and was paid
commissions every time a mortgage broker solicited by him closed a loan through
Mortgage Lenders Network, USA, Inc.

198. Prior to February, 2007 and continuing thereafter, Mortgage Lenders
Network, USA, Inc. stopped paying Ross Gardenlaub earned commissions on loans that
it closed through mortgage brokers solicited by him.

199. That Ross Gardenlaub demands an accounting for all commissions earned by
him and not paid by Mortgage Lenders Network, USA, Inc.

200. That Ross Gardenlaub has been damaged in a sum of not less than one
million ($1,000,000.00) dollars.

201. Pursuant to § 630 of the Business Corporation Law, the defendants are
jointly and severally personally liable for all monies due and owing to Ross Gardenlaub
for services performed by him for Mortgage Lenders Network, USA, Inc.

## AS AND FOR A TWENTY NINTH CAUSE OF ACTION ON BEHALF OF ROSS GARDENLAUB

202. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 201 of the complaint as if fully set forth herein.

203. That Ross Gardenlaub was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

204. That Ross Gardenlaub was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

205. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Ross Gardenlaub earned commissions on loans that it closed through mortgage brokers solicited by him.

206. That Ross Gardenlaub demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

207. That Ross Gardenlaub has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

208. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Ross Gardenlaub is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A THIRTIETH CAUSE OF ACTION ON BEHALF OF ROSS GARDENLAUB

209. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 208 as if fully set forth herein.

210. Pursuant to § 198 of the New York State Labor Law, Ross Gardenlaub is entitled to recover reasonable attorney's fees.

211. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

212. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Ross Gardenlaub.

## AS AND FOR A THIRTY FIRST CAUSE OF ACTION ON BEHALF OF RICHARD HOLMES

213. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 212 as if fully set forth herein.

214. That Richard Holmes was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

215. That Richard Holmes was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

216. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Richard Holmes earned commissions on loans that it closed through mortgage brokers solicited by him.

217. That Richard Holmes demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

218. That Richard Holmes has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

219. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Richard Holmes for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A THIRTY SECOND CAUSE OF ACTION ON BEHALF OF
### RICHARD HOLMES

220. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 219 of the complaint as if fully set forth herein.

221. That Richard Holmes was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

222. That Richard Holmes was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

223. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Richard Holmes earned commissions on loans that it closed through mortgage brokers solicited by him.

224. That Richard Holmes demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

225. That Richard Holmes has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

226. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Richard Holmes is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A THIRTY THIRD CAUSE OF ACTION ON BEHALF OF
### RICHARD HOLMES

227. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 226 as if fully set forth herein.

228. Pursuant to § 198 of the New York State Labor Law, Richard Holmes is entitled to recover reasonable attorney's fees.

229. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

230. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Richard Holmes.

## AS AND FOR A THIRTY FOURTH CAUSE OF ACTION ON BEHALF OF WALTER KURICK

231. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 230 as if fully set forth herein.

232. That Walter Kurick was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

233. That Walter Kurick was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

234. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Walter Kurick earned commissions on loans that it closed through mortgage brokers solicited by him.

235. That Walter Kurick demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

236. That Walter Kurick has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

237. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Walter Kurick for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A THIRTY FIFTH CAUSE OF ACTION ON BEHALF OF WALTER KURICK

238. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 237 of the complaint as if fully set forth herein.

239. That Walter Kurick was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

240. That Walter Kurick was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

241. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Walter Kurick earned commissions on loans that it closed through mortgage brokers solicited by him.

242. That Walter Kurick demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

243. That Walter Kurick has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

244. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Walter Kurick is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A THIRTY SIXTH CAUSE OF ACTION ON BEHALF OF WALTER KURICK

245. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 244 as if fully set forth herein.

246. Pursuant to § 198 of the New York State Labor Law, Walter Kurick is entitled to recover reasonable attorney's fees.

247. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

248. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Walter Kurick.

## AS AND FOR A THIRTY SEVENTH CAUSE OF ACTION ON BEHALF OF ROBERT FINN

249. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 248 as if fully set forth herein.

250. That Robert Finn was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

251. That Robert Finn was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

252. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Robert Finn earned commissions on loans that it closed through mortgage brokers solicited by him.

253. That Robert Finn demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

254. That Robert Finn has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

255. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Robert Finn for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A THIRTY EIGHTH CAUSE OF ACTION ON BEHALF OF ROBERT FINN

256. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 255 of the complaint as if fully set forth herein.

257. That Robert Finn was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

258. That Robert Finn was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

259. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Robert Finn earned commissions on loans that it closed through mortgage brokers solicited by him.

260. That Robert Finn demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

261. That Robert Finn has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

262. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Robert Finn is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A THIRTY NINTH CAUSE OF ACTION ON BEHALF OF ROBERT FINN

263. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 262 as if fully set forth herein.

264. Pursuant to § 198 of the New York State Labor Law, Robert Finn is entitled to recover reasonable attorney's fees.

265. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

266. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Robert Finn.

### AS AND FOR A FORTIETH CAUSE OF ACTION ON BEHALF OF BRYAN RAY

267. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 266 as if fully set forth herein.

268. That Bryan Ray was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

269. That Bryan Ray was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

270. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Bryan Ray earned commissions on loans that it closed through mortgage brokers solicited by him.

271. That Bryan Ray demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

272. That Bryan Ray has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

273. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Bryan Ray for services performed by him for Mortgage Lenders Network, USA, Inc.

### AS AND FOR A FORTY FIRST CAUSE OF ACTION ON BEHALF OF BRYAN RAY

274. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 273 of the complaint as if fully set forth herein.

275. That Bryan Ray was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

276. That Bryan Ray was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

277. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Bryan Ray earned commissions on loans that it closed through mortgage brokers solicited by him.

278. That Bryan Ray demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

279. That Bryan Ray has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

280. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Bryan Ray is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A FORTY SECOND CAUSE OF ACTION ON BEHALF OF BRYAN RAY

281. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 280 as if fully set forth herein.

282. Pursuant to § 198 of the New York State Labor Law, Bryan Ray is entitled to recover reasonable attorney's fees.

283. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

284. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Bryan Ray.

### AS AND FOR A FORTY THIRD CAUSE OF ACTION ON BEHALF OF JEFF MCKAY

285. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 284 as if fully set forth herein.

286. That Jeff McKay was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

287. That Jeff McKay was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

288. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Jeff McKay earned commissions on loans that it closed through mortgage brokers solicited by him.

289. That Jeff McKay demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

290. That Jeff McKay has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

291. Pursuant to § 630 of the Business Corporation Law, the defendants are jointly and severally personally liable for all monies due and owing to Jeff McKay for services performed by him for Mortgage Lenders Network, USA, Inc.

## AS AND FOR A FORTY FOURTH CAUSE OF ACTION ON BEHALF OF JEFF MCKAY

292. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 291 of the complaint as if fully set forth herein.

293. That Jeff McKay was an employee of Mortgage Lenders Network, USA, Inc. until on or about February, 2007.

294. That Jeff McKay was an employee who was entitled to and was paid commissions every time a mortgage broker solicited by him closed a loan through Mortgage Lenders Network, USA, Inc.

295. Prior to February, 2007 and continuing thereafter, Mortgage Lenders Network, USA, Inc. stopped paying Jeff McKay earned commissions on loans that it closed through mortgage brokers solicited by him.

296. That Jeff McKay demands an accounting for all commissions earned by him and not paid by Mortgage Lenders Network, USA, Inc.

297. That Jeff McKay has been damaged in a sum of not less than one million ($1,000,000.00) dollars.

298. By virtue of Mortgage Lenders Network, USA, Inc's violation of the New York State Labor Law § 191, Jeff McKay is entitled to recover from the defendants all unpaid commissions and all monies due and owing to him in an amount of not less than one million ($1,000,000.00) dollars.

### AS AND FOR A FORTY FIFTH CAUSE OF ACTION ON BEHALF OF JEFF MCKAY

299. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 298 as if fully set forth herein.

300. Pursuant to § 198 of the New York State Labor Law, Bryan Ray is entitled to recover reasonable attorney's fees.

301. That Mortgage Lenders Network, USA, Inc.'s conduct in not paying earned wages was and is willful.

302. By virtue of the willful conduct of Mortgage Lenders Network, USA, Inc., the defendants are required to pay liquidated damages in an amount equal to twenty five percent of the total amount of wages due to Bryan Ray.

WHEREFORE, the plaintiffs demand judgment against the defendants as follows:

1. Christine McDermott Lauria demands judgment on the First, Second, and Third Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to her;

2. Mark Ryan demands judgment on the Fourth, Fifth, and Sixth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

3. William E. Robinson demands judgment on the Seventh, Eighth, and Ninth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

4. Kenneth Woodhall demands judgment on the Tenth, Eleventh, and Twelfth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

5. Stephanie A. Resch demands judgment on the Thirteenth, Fourteenth, and Fifteenth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to her;

6. Peter Impagliazzo demands judgment on the Sixteenth, Seventeenth, and Eighteenth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

Law Offices of Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiffs
900 Merchants Concourse, Suite 214
Westbury, New York 11590
(516) 228-5100



A True Copy Attest
MVEm.
Michele Van Eisengeen,

7   Paul C. Impagliazzo demands judgment on the Nineteenth, Twentieth, and Twenty

First Causes of Action in the amount of not less than $1,000,000.00, plus an accounting,

reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due

and owing to him;

8.  Neil J. Surgenor demands judgment on the Twenty Second, Twenty Third, and Twenty

Fourth Causes of Action in the amount of not less than $1,000,000.00, plus an

accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the

monies due and owing to him;

9.  Steve Voulgaris demands judgment on the Twenty Fifth, Twenty Sixth, and Twenty

Seventh Causes of Action in the amount of not less than $1,000,000.00, plus an

accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the

monies due and owing to him;

10. Ross Gardenlaub demands judgment on the Twenty Eighth, Twenty Ninth, and

Thirtieth Causes of Action in the amount of not less than $1,000,000.00, plus an

accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the

monies due and owing to him;

11. Richard Holmes demands judgment on the Thirty First, Thirty Second, and Thirty

Third Causes of Action in the amount of not less than $1,000,000.00, plus an accounting,

reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due

and owing to him;

12. Walter Kurick demands judgment on the Thirty Fourth, Thirty Fifth, and Thirty Sixth

Causes of Action in the amount of not less than $1,000,000.00, plus an accounting,

07/02/2007  16:53    2159779663                POZZUOLO&PERKISS                    PAGE  04/04
SENT BY: MLN:                          800 434 0849;      JUL-2-07  4:50PM;        PAGE 4/4
Case 2:07-cv-02709-ADS   Document 1   Filed 07/05/07   Page 45 of 46 PageID #: 45

reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

13. Robert Finn demands judgment on the Thirty Seventh, Thirty Eighth, and Thirty Ninth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

14. Bryan Ray demands judgment on the Fortieth, Forty First, and Forty Second Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him;

15. Jeff McKay demands judgment on the Forty Third, Forty Fourth, and Forty Fifth Causes of Action in the amount of not less than $1,000,000.00, plus an accounting, reasonable attorney's fees, and liquidated damages in amount of 25% of the monies due and owing to him; together with such other, further, and/or different relief as to this Court deems just and proper.

Dated: Westbury, New York
       June 6, 2007

Law Offices of Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiffs
900 Merchants Concourse, Suite 214
Westbury, New York 11590
(516) 228-5100

07/02/2007  14:39    2159779663              POZZUOLO&PERKISS                    PAGE  02/42

NEIL H. GREENBERG, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.                                                               Year 2007

=================================================================

CHRISTINE McDERMOTT LAURIA, MARK
RYAN, WILLIAM E. ROBINSON, KENNETH
WOODHALL, STEPHANIE A. RESCH, PETER
IMPAGLIAZZO, PAUL C. IMPAGLIAZZO,
NEIL J. SURGENOR, STEVE VOULGARIS,
ROSS GARDENLAUB, RICHARD HOLMES,
WALTER KURICK, ROBERT FINN, BRYAN RAY,
and JEFF McKAY,

                                   Plaintiffs,


                           -against-


MITCHELL L. HEFFERNAN and
JAMES E. PEDRICK,

                           Defendants.

=================================================================

SUMMONS AND COMPLAINT

=================================================================


NEIL H. GREENBERG & ASSOCIATES, P.C.
*Attorney for Plaintiffs*
900 Merchants Concourse
Suite 214
Westbury, New York 11590
(516) 228-5100