UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

JESSE ROSENBLATT, an individual,

                 Plaintiff,

-against-

SYED DOHA, an individual, HEINER FRIEDRICH, an individual, MELOTHE, INC., a Florida corporation, OFLO VIDEO, INC., a Florida corporation, PIXELLUTION, INC., a Florida corporation, OFLO, INC., a Delaware corporation, MIENT, INC., a New York corporation, LISA SHERIDAN-DOHA, an individual, CARITAS DOHA, an individual, and DOES 1-10,

                 Defendants.

12 Civ. 1991 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The trial of this action is scheduled to commence on Monday, November 18, 2013. Pursuant to this Court's oral order issued on November 14, 2013, all of Plaintiff's causes of action, except for the breach of contract claims, are dismissed. One of the remaining claims concerns a consulting agreement dated August 23, 2010 between Oflo Video, Inc., Syed Doha, and the Law Office of Jesse Rosenblatt, PLLC (the "Law Office"). Because the Law Office is not a named plaintiff, the Court must determine whether the Law Office is an indispensable party that must be joined under Federal Rule of Civil Procedure 19. Under Rule 19(a)(1), joinder of a party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter, impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). "Generally, where rights sued upon arise from a contract, all parties

thereto must be joined." *Global Disc. Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 708 (S.D.N.Y. 1997) (citation omitted). Indeed, "the precedent supports the proposition that a contracting party is the paradigm of an indispensable party." *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991) (citations omitted). Because the Law Office is a party to the consulting agreement, it is an indispensable party that must be joined pursuant to Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.").

It is irrelevant that the consulting agreement provides that payments "shall inure to the benefit of, and may be enforced by, Jesse Rosenblatt...." (Agreement at 5(c)). A member of a PLLC who sues on behalf of the PLLC must still join the PLLC as a necessary party. *See Weber v. King*, 110 F. Supp. 2d 124, 133 (E.D.N.Y. 2000) ("Despite the differences between the corporate and partnership forms, courts have held that under both frameworks, the entity on whose behalf a derivative lawsuit is brought is deemed an indispensable party.") (citations omitted).

Joinder of the Law Office is feasible because it does not defeat the complete diversity of the parties. For purposes of diversity jurisdiction, professional limited liability corporations, like limited liability corporations, have the citizenship of its membership. *See Handelsman v. Bedford Vill. Assoccs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Media Grp. v. Arent Fox Kitner Plotkin & Kahn, PPLC*, No. 03 Civ. 1017, 2004 WL 162900, at *2 (D. Conn. Jan. 23, 2004). Because Jesse Rosenblatt is an individual residing in California, the Law Office is also a resident of California for the purposes of diversity jurisdiction. Compl. ¶¶ 11, 45.

It is therefore ORDERED that by **November 15, 2013**, the Plaintiff shall amend the caption of this case to include the Law Office of Jesse Rosenblatt, PLLC as a named plaintiff

pursuant to Section 14 of the SDNY Electronic Case Filing Rules & Instructions.

SO ORDERED.

Dated: November 15, 2013
      New York, New York

_____
ANALISA TORRES
United States District Judge